# EXHIBIT 1

MICHAEL K. JEANES, CLERK
BY 𝒐𝒙 De La Cruz DEP.

F.ILED

16 DEC 29  PM 4: 26

1    Stephen M. Dichter, 004043
     sdichter@cdslawfirm.com
2    Cara L. Christian, 032144
     cchristian@cdslawfirm.com
3    CHRISTIAN DICHTER & SLUGA, P.C.
4    2700 North Central Avenue, Suite 1200
     Phoenix, Arizona  85004
5    Telephone:  (602) 792-1700
     Facsimile:  (602) 792-1710
6
7    AZ TurboCourt M.E. e-service distribution:  courtdocs@cdslawfirm.com

8    Attorneys for Plaintiffs

9                 **IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

10                   **IN AND FOR THE COUNTY OF MARICOPA**

| | |
|---|---|
| 11   DAVID KHALAJ and JULIET DAVID<br>YOUMARAN, a married couple, | No.   **CV 2016-010499** |
| 12                    Plaintiffs, | |
| 13       vs. | **PLAINTIFFS' CERTIFICATE OF**<br>**COMPULSORY ARBITRATION** |
| 14   CITY OF PHOENIX, Arizona, a municipal | |
| 15   corporation; JANE DOES I-X and JOHN<br>DOES I-X, inclusive, | |
| 16                    Defendants. | |

17

18         The undersigned certifies that the largest award sought by Plaintiffs, including

19   punitive damages, but excluding interest, attorneys' fees and costs exceeds limits set by

20   Local Rule for compulsory arbitration.  This case is, therefore, **not** subject to mandatory

21

22   arbitration.

23         RESPECTFULLY SUBMITTED this 29ᵗʰ day of December, 2016.

24                           CHRISTIAN DICHTER & SLUGA, P.C.

25

26                    By

27                           Stephen M. Dichter
                            Cara L. Christian
28                           Attorneys for Plaintiffs

1  **ORIGINAL** of the foregoing filed
   this 29th day of December, 2016, with:

2

3  Clerk of the Court
   Maricopa County Superior Court

4  201 W. Jefferson Street
   Phoenix, Arizona 85003

5

6

7  *Yvonne Caire*

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MICHAEL K. JEANES, CLERK
BY M. De La Cruz DEP

**In the Superior Court of the State of Arizona**
**In and For the County of** _____

Case Number

## CV2016-010499

CI
(Pl

Is Interpreter Needed?  ☐ Yes  ☒ No   FILED

If yes, what language:

**16 DEC 29  PM 4: 25**

_____

Plaintiff's Attorney _Stephen M. Dichter_

Attorney Bar Number _004043_

| Plaintiff's Name(s): (List all) | Plaintiff's Address: | Phone #: | Email Address: |
|---|---|---|---|

David Khalaj c/o Stephen M. Dichter, Christian Dichter & Sluga, P.C., 2700 N. Central Ave., #1200, Phoenix, AZ 85004

Juliet David Youmaran c/o Stephen M. Dichter, Christian Dichter & Sluga, P.C., 2700 N. Central Ave., #1200, Phoenix, AZ 85004

602-253-5808    sdichter@cdslawfirm.com

(List additional plaintiffs on page two and/or attach a separate sheet).

Defendant's Name(s): (List All)    City of Phoenix

(List additional defendants on page two and/or attach a separate sheet)

EMERGENCY ORDER SOUGHT:   ☐ Temporary Restraining Order   ☐ Provisional Remedy   ☐ OSC

☐ Election Challenge   ☐ Employer Sanction   ☐ Other _____
(Specify)

☐ RULE 8(i) COMPLEX LITIGATION APPLIES. Rule 8(i) of the Rules of Civil Procedure defines a "Complex Case" as civil actions that require continuous judicial management. A typical case involves a large number of witnesses, a substantial amount of documentary evidence, and a large number of separately represented parties.

(Mark appropriate box on page two as to complexity, **in addition** to the Nature of Action case category.)

☐ THIS CASE IS ELIGIBLE FOR THE COMMERCIAL COURT UNDER EXPERIMENTAL RULE 8.1. (Maricopa County only.) Rule 8.1 defines a commercial case and establishes eligibility criteria for the commercial court. Generally, a commercial case primarily involves issues arising from a business contract or business transaction. However, consumer transactions are not eligible. A consumer transaction is one that is primarily for personal, family or household purposes. **Please review Rule 8.1 for a complete list of the criteria**. See http://www.superiorcourt.maricopa.gov/commercial-court/. You must check this box if this is an eligible commercial case. **In addition, mark the appropriate box below in the "Nature of Action" case category**. The words "commercial court assignment requested" must appear in the caption of the original complaint.

## NATURE OF ACTION

(Place an "**X**" next to the **one** case category that most accurately describes your primary case.)

**100 TORT MOTOR VEHICLE:**

☐101 Non-Death/Personal Injury
☐102 Property Damage
☐103 Wrongful Death

**110 TORT NON-MOTOR VEHICLE:**

☐111 Negligence
☐112 Product Liability – Asbestos
☐112 Product Liability – Tobacco
☐112 Product Liability – Toxic/Other
☐113 Intentional Tort

☐114 Property Damage
☐115 Legal Malpractice
☐115 Malpractice – Other professional
☐117 Premises Liability
☐118 Slander/Libel/Defamation
☐116 Other (Specify) _____

**120 MEDICAL MALPRACTICE:**

☐121 Physician M.D.   ☐123 Hospital
☐122 Physician D.O   ☐124 Other

©Superior Court of Arizona in Maricopa County
ALL RIGHTS RESERVED

CV10f – 010116

Case No. _____

## 130 CONTRACTS:

- ☐ 131 Account (Open or Stated)
- ☐ 132 Promissory Note
- ☐ 133 Foreclosure
- ☐ 138 Buyer-Plaintiff
- ☐ 139 Fraud
- ☐ 134 Other Contract (i.e. Breach of Contract)
- ☐ 135 Excess Proceeds-Sale
- ☐ Construction Defects (Residential/Commercial)
  - ☐ 136 Six to Nineteen Structures
  - ☐ 137 Twenty or More Structures

## 150-199 OTHER CIVIL CASE TYPES:

- ☐ 156 Eminent Domain/Condemnation
- ☐ 151 Eviction Actions (Forcible and Special Detainers)
- ☐ 152 Change of Name
- ☐ 153 Transcript of Judgment
- ☐ 154 Foreign Judgment
- ☐ 158 Quiet Title
- ☐ 160 Forfeiture
- ☐ 175 Election Challenge
- ☐ 179 NCC-Employer Sanction Action
  (A.R.S. §23-212)
- ☐ 180 Injunction against Workplace Harassment
- ☐ 181 Injunction against Harassment
- ☐ 182 Civil Penalty
- ☐ 186 Water Rights (Not General Stream Adjudication)
- ☐ 187 Real Property
- ☐ Special Action against Lower Courts
  (See lower court appeal cover sheet in Maricopa)

- ☐ 194 Immigration Enforcement Challenge
  (§§1-501, 1-502, 11-1051)

## 150-199 UNCLASSIFIED CIVIL:

- ☐ Administrative Review
  (See lower court appeal cover sheet in Maricopa)
- ☐ 150 Tax Appeal
  (All other tax matters must be filed in the AZ Tax Court)
- ☐ 155 Declaratory Judgment
- ☐ 157 Habeas Corpus
- ☐ 184 Landlord Tenant Dispute- Other
- ☐ 190 Declaration of Factual Innocence
  (A.R.S. §12-771)
- ☐ 191 Declaration of Factual Improper Party Status
- ☐ 193 Vulnerable Adult (A.R.S. §46-451)
- ☐ 165 Tribal Judgment
- ☐ 167 Structured Settlement (A.R.S. §12-2901)
- ☐ 169 Attorney Conservatorships (State Bar)
- ☐ 170 Unauthorized Practice of Law (State Bar)
- ☐ 171 Out-of-State Deposition for Foreign Jurisdiction
- ☐ 172 Secure Attendance of Prisoner
- ☐ 173 Assurance of Discontinuance
- ☐ 174 In-State Deposition for Foreign Jurisdiction
- ☐ 176 Eminent Domain– Light Rail Only
- ☐ 177 Interpleader– Automobile Only
- ☐ 178 Delayed Birth Certificate (A.R.S. §36-333.03)
- ☐ 183 Employment Dispute- Discrimination
- ☐ 185 Employment Dispute-Other
- ☐ 195(a) Amendment of Marriage License
- ☐ 195(b) Amendment of Birth Certificate
- ☒ 163 Other  Unlawful Arrest/Imprisonment
  (Specify)

## COMPLEXITY OF THE CASE

If you marked the box on page one indicating that Complex Litigation applies, place an "X" in the box of no less than one of the following:

- ☐ Antitrust/Trade Regulation
- ☐ Construction Defect with many parties or structures
- ☐ Mass Tort
- ☐ Securities Litigation with many parties
- ☐ Environmental Toxic Tort with many parties
- ☐ Class Action Claims
- ☐ Insurance Coverage Claims arising from the above-listed case types
- ☐ A Complex Case as defined by Rule 8(i) ARCP

### Additional Plaintiff(s)

_____

_____

### Additional Defendant(s)

_____

_____

©Superior Court of Arizona in Maricopa County
ALL RIGHTS RESERVED
CV10f - 010116

MICHAEL K. JEANES
Clerk of the Superior Court
By Maria De La Cruz, Deputy
Date 12/29/2016 Time 16:28:50
Description              Amount
-------- CASE# CV2016-010499 --------
CIVIL NEW COMPLAINT          319.00
-------------------------------------
TOTAL AMOUNT                 319.00
        Receipt# 25655589

1  Stephen M. Dichter, 004043
   sdichter@cdslawfirm.com
2  Cara L. Christian, 032144
   cchristian@cdslawfirm.com
3  CHRISTIAN DICHTER & SLUGA, P.C.
4  2700 North Central Avenue, Suite 1200
   Phoenix, Arizona 85004
5  Telephone: (602) 792-1700
6  Facsimile: (602) 792-1710
7  AZ TurboCourt M.E. e-service distribution: courtdocs@cdslawfirm.com

8  Attorneys for Plaintiffs

9        **IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

10          **IN AND FOR THE COUNTY OF MARICOPA**

11  DAVID KHALAJ and JULIET DAVID      No:      CV 2016-010499
    YOUMARAN, a married couple,
12
              Plaintiffs,              **COMPLAINT**
13
         vs.                           **JURY TRIAL DEMANDED**
14
    CITY OF PHOENIX, Arizona, a municipal
15  corporation,
16
              Defendant.

17
18      Plaintiffs, David Khalaj and Juliet David Youmaran, submit their Complaint

19  against Defendant as follows:

20                    **I.      INTRODUCTION**

21      1.      This is an action for money damages brought for personal injuries pursuant

22  to state tort causes of action for false arrest and false imprisonment, and a violation of

23  Plaintiffs' civil rights pursuant to 42 U.S.C § 1983.
24
25      2.      These state and federal causes of action are brought against the City of

26  Phoenix, Arizona, a municipal corporation. Plaintiffs timely filed a Notice of Claim

27  pursuant to A.R.S. §12-821.01 on June 29, 2016—to which there was no response.

28      3.      The claims herein arise out of the events occurring within the City of

Phoenix on January 1, 2016 at Phoenix Sky Harbor International Airport in Phoenix, Arizona. It is alleged that City of Phoenix Police Department officers, while acting under color of law, unlawfully arrested and unlawfully detained Plaintiffs. It is further alleged that these torts and civil rights and constitutional violations were committed as a result of policies, practices and customs of the City of Phoenix Police Department—including its officers and agents.

## II.    PARTIES

4.    Plaintiff David Khalaj ("David"), is a resident of Maricopa County, Arizona, and was so at all times relevant to this Complaint.

5.    Plaintiff Juliet David Youmaran ("Juliet") is a resident of Maricopa County, Arizona, and was so at all times relevant to this Complaint.

6.    Plaintiffs David and Juliet are, and were, married at all times relevant to the Complaint.

7.    Defendant, City of Phoenix, is a municipal corporation organized under the laws of the State of Arizona, the role of which is to provide municipal services to the public within its jurisdiction and enforce federal, state and local laws in the execution of its duties and services to the public. The Phoenix Police Department is among its subdivisions or agencies.

8.    The individual officers, agents and/or employees of the City of Phoenix discussed herein—including Detective Gary Ellefritz, Officer Lillian Fine, Officer Todd Blanc, Officer Melander (first name believed to be Scott), and Sergeant Green (first name unknown)—were acting within the scope of their agency/employment at all times relevant to the Complaint. These individuals engaged in wrongful conduct that allowed,

2

caused, and/or contributed to the violations of Plaintiffs' rights detailed in the subject Complaint. The City of Phoenix is responsible for the conduct of these individuals under the doctrine of *respondeat superior*.

9.      All of the City of Phoenix employees and agents discussed herein were jointly responsible for the actions, events and circumstances underlying this Complaint, proximately caused the damages stated herein, and that they were acting for and on behalf of their respective marital communities at all relevant times.

10.      At all times mentioned herein, these City of Phoenix employees and agents were acting under color of law, that is, under the color of the United States Constitution, the Constitution of the State of Arizona, and the statutes, laws, charter, ordinances, rules, regulations, policies, customs and usages of the State of Arizona, the City of Phoenix and Phoenix Police Department.

### III.      JURISDICTION, AND VENUE

11.      The amount in controversy exceeds the jurisdictional threshold of this Court.

12.      A timely Notice of Claim pursuant to A.R.S. § 12-821.01 was served upon Defendant City of Phoenix on June 29, 2016. More than sixty (60) days have passed since this Notice of Claim was served upon Defendant City of Phoenix.

13.      On or about January 1, 2016, Defendant caused the event or events upon which this action is based to occur in Maricopa County. As such, venue is proper in the Maricopa County Superior Court pursuant to A.R.S. § 12-401.

/ / /

/ / /

## IV.   FACTS GIVING RISE TO CLAIMS

### A.   Events Leading up to Plaintiffs' Arrest

14.   On January 1, 2016, around 4:00pm, David and Juliet (along with their 10-year old son and 17-year old daughter) were returning home from Puerta Vallarta, Mexico through Phoenix Sky Harbor International Airport ("Sky Harbor"). After clearing customs, David, Juliet and their children were free to leave the airport.

15.   David wished to leave the secured customs area to get something to eat to ease the effects of his Type 2 diabetes. He was scolded, shouted at, and herded back in to the secured area by Customs and Border Protection ("CBP") employees—including Matthew Gardner, Juan Osoria, Jose Colunga and Arpad Domokos.

16.   When he complained about how he had been treated, one of the aforementioned employees started striking him behind his arm in order to move him to another location. Then, the cohort of four CBP employees set upon and beat David severely, causing him physical injury.

17.   Seeing her husband brutalized by the CBP employees, Juliet tried to come to his rescue and was, herself, assaulted. As a result, Juliet suffered severe physical and emotional injuries.

18.   Representatives from the City of Phoenix Police Department were summoned to Sky Harbor in conjunction with the above-described altercations. Phoenix Police took over the detention in conjunction with Immigration and Customs Enforcement ("ICE").

19.   Phoenix Police took David and Juliet to the hospital to have their injuries addressed by medical professionals. During that time frame, ICE officers contacted the

4

United States Attorney's Office to see whether federal charges would be pursued. The United States Attorney's Office declined prosecution.

20.     Left with no apparent recourse, the disappointed CBP and ICE employees relinquished the case to the Phoenix Police Department.

**B.     Plaintiffs' Arrest**

21.     On January 1, 2016 at approximately 4:45pm, David and Juliet were arrested and taken into custody without a warrant by Phoenix Police Officer Lillian Fine, S/N 09323. Phoenix Police Officers Todd S. Blanc and (first name unknown) Melander S/N 5063 were also involved in the arrest—which was identified by the City of Phoenix Police Department as incident number 201600000004723.

22.     The charge upon which the arrests were founded was A.R.S. § 13-1204(A)(8)(A): Aggravated Assault Against Peace Officers, a class five felony.

23.     The alleged victims of the aggravated assaults were previously-identified CBP staff members (and federal employees) Matthew Gardner, Juan Osoria, Jose Colunga and Arpad Domokos. Gardner, Osoria, Colunga and Domokos were not, in fact, peace officers.

24.     As the Phoenix Police officers knew, or are presumed to have known, the term "peace officer" is a defined term under Arizona law. A.R.S § 13-105 (29) defines "peace officer" to mean "any person vested by law with a duty to maintain public order and make arrests and includes a constable."

25.     Federal CBP employees could have been cross-certified as "peace officers" under Arizona statutes but, upon investigation, it has been determined that they were not.

26.     The Arizona statute that provides a mechanism for cross-certifying federal

5

1    peace officers as Arizona peace officers is A.R.S. § 13-3875. This states, in pertinent

2    part:

3

4       B. A federal peace officer who is employed by an agency of the United
        States and who has completed the basic training curriculum for the
5       officer's agency shall possess and exercise all law enforcement powers
        of peace officers in this state for one year, including, if directed by the
6       officer's employer, the capability to enforce the criminal laws of this
        state if the federal peace officer:
7            1. Submits to the sheriff a written request for certification as a
8            peace officer in this state.
             2. Submits evidence that the officer has been certified as a
9            federal peace officer, is authorized by federal law to engage in
             or supervise the prevention, detection, investigation or
10           prosecution of a violation of federal law and is authorized by
11           federal law to make arrests, serve warrants and carry firearms.

12      . . . .

13      27.     First, it is highly debatable whether a Federal CBP Employee is even

14   categorized as a "Federal Peace Officer." However, even if the CBP employees were

15   *federal* peace officers, to be considered a peace officer under the cross-certification

16
     provisions of Arizona law, the alleged victims would have to have been on file or had a
17
     waiver on file with the Arizona Peace Officer Standards and Training Board
18

19   ("AZPOST").

20      28.     To properly ascertain whether any of the CBP employees at issue were
21
     peace officers before charging David and Juliet with aggravated assault upon a peace
22
23   officer (again, a class 5 felony), the Phoenix Police needed to do nothing more than

24   telephone the AZPOST and ask whether the names of any of the alleged victims were on

25   file. The Phoenix Police Department's failure to do this was—at a minimum—grossly
26
     negligent, and was more likely the product of deliberate ignorance or willful and wanton
27

28   conduct.

                                          6

29.     By means of illustration, when David's and Juliet's counsel checked with AZPOST to independently determine whether any of the alleged victims were certified as peace officers in the State of Arizona, or had obtained the status by means of a waiver, they learned (over the course of a five-minute phone call) that none of the Federal CBP employees alleged assaulted was a "peace officer."

30.     If the Phoenix Police Officers had done the same, Plaintiffs' alleged conduct would have (at most) been charged as a misdemeanor (e.g. disturbing the peace, disorderly conduct, or simple assault) rather than the very specific felony offense with which Plaintiffs were charged. A simple assault, when committed against a peace officer, is instead classified as aggravated assault—a felony offense.

31.     The Phoenix Police knew, or should have known, at the time of David's and Juliet's arrest, that the victims of the alleged assault were not "peace officers." They knew, or should have known, that the alleged "injuries" suffered by the alleged victims were insufficient to constitute an ordinary form of aggravated assault.

32.     The Phoenix Police Department's misclassification of this offense under A.R.S. § 13-1204(A)(8)(A) was (at a minimum) grossly negligent, and, at the maximum, the product of deliberate ignorance or willful and wanton conduct.

**C.     Events Following Plaintiffs' Arrest**

33.     Plaintiffs David and Juliet are both United States citizens.

34.     After the unlawful arrest detailed above, while Plaintiffs were still at Sky Harbor, the jailers were, upon information and belief, informed that David had been born in Tehran, Iran and that Juliet had been born in Baghdad, Iraq.

35.     During their confinement by Phoenix Police, Plaintiffs were called a variety

7

of unimaginable racial epithets that should not be repeated here—except to note that "sand n\*\*ger" was the mildest of these. Plaintiffs were eventually taken to booking and jail by Phoenix Police and held there.

36.     Being subjected to emotionally charged racial epithets by Phoenix Police while in custody is the *sine qua non* of outrageous conduct sufficient to serve as a predicate for intentional infliction of emotional distress.

37.     As a result of the unlawful arrest and unlawful imprisonment, David and Juliet suffered from severe psychological and emotional damages.

38.     David's recurring thoughts about the unlawful arrest have caused him to experience anxiety and emotional distress, which will likely continue as a result of his being stripped of his liberties by no fault of his own and without lawful authority.

39.     Juliet has been suffering from insomnia, severe anxiety, acute stress disorder, depression, nightmares and repeatedly revisits the false arrest in such a way that she is no longer able to function in her everyday life the way she did prior to the incident.

## V.     COUNT ONE

### THE CITY OF PHOENIX POLICE DEPARTMENT DELIBERATELY COMMITTED FALSE ARREST/IMPRISONMENT

40.     Plaintiffs re-allege and incorporate herein by reference the allegations set forth in paragraphs 1-39 of this Complaint.

41.     The City of Phoenix, via the Phoenix Police Department and its employees and agents, acted intentionally to restrain the Plaintiffs to an area within the Defendant's control.

42.     Defendant acted without lawful authority and without Plaintiffs' consent.

43.     Defendant's actions resulted in the direct restraint of Plaintiffs' liberty or freedom of movement, either by actual force or from the Plaintiffs' fear of force.

44.     Defendant's acts would have caused a reasonably prudent person in the same situation as the Plaintiffs to believe that he or she was restrained.

45.     Plaintiffs were aware of and harmed by the restraint.

46.     Defendant's acts constitute false arrest/imprisonment without lawful authority as recognized under Arizona law. *See Deadman v. Valley National Bank of Arizona*, 154 Ariz. 452, 457 (Ct. App. 1987); *Reams v. City of Tucson*, 145 Ariz. 340 (Ct. App. 1985).

## VI.   COUNT TWO

### VIOLATION OF CIVIL RIGHTS PURSUANT TO TITLE 42 U.S.C. §1983

47.     Plaintiffs re-allege and incorporate herein by reference the allegations set forth in paragraphs 1-46 of this Complaint.

48.     In committing the acts complained of herein, Defendant's employees and agents acted under color of state law to deprive Plaintiffs of certain constitutionally protected rights under the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States including the right to be free from false arrest/imprisonment.

49.     In violating Plaintiffs' rights as set forth above and other rights that will be proven at trial, Defendant's conduct was willful, malicious and oppressive. As a direct and proximate result of the violation of their constitutional rights by the Defendant, Plaintiffs suffered general and special damages as alleged in this Complaint and are entitled to relief under 42 U.S.C. §1983.

## VII.   JURY TRIAL

50.    Plaintiffs' demands a trial by jury on all issues allowed to be tried to a jury under Arizona and Federal law.

## VIII.  PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment as follows:

A.    General damages, including but not limited to pain, suffering, and anxiety, in an amount to be proven at trial;

B.    Costs of attorneys' fees against Defendant as to the causes of action alleged under the Constitution and laws of the United States, pursuant to 42 U.S.C. § 1988;

C.    All remedies provided by 42 U.S.C. § 1983;

D.    For taxable costs and pre- and post-judgment interest to the extent permitted by law; and

E.    Such other relief as the Court deems just and proper.

RESPECTFULLY SUBMITTED this 29th day of December, 2016.

CHRISTIAN, DICHTER & SLUGA, P.C.

By:
Stephen M. Dichter
Cara L. Christian
Attorneys for Plaintiffs

**ORIGINAL** of the foregoing filed
this 29th day of December, 2016, with:

Clerk of the Court
Maricopa County Superior Court
201 W. Jefferson Street
Phoenix, Arizona  85003

10



Office Distribution

# SUPERIOR COURT OF ARIZONA
# MARICOPA COUNTY

**FILED**

03/08/2017

by Superior Court Admin
on behalf of Clerk of the
Superior Court

03/04/2017

Ct. Admin
Deputy

### COURT ADMINISTRATION

**Case Number:** CV2016-010499

**David Khalaj**

**V.**

**City Of Phoenix**

---

The Judge assigned to this action is the Honorable Kerstin G LeMaire

### NOTICE OF INTENT TO DISMISS FOR LACK OF SERVICE

You are hereby notified that the complaint filed on 12/29/2016 is subject to dismissal pursuant to Rule 4 (i) of the Arizona Rules of Civil Procedure. The deadline for completing service is 04/28/2017. If the time for completing service has not been extended by the court and no defendants have been served by this date, the case will be dismissed without prejudice.

All documents required to be filed with the court should be electronically filed through Arizona Turbo Court at www.azturbocourt.gov.

# Superior Court of Maricopa County - integrated Court Information System
## Endorsee Party Listing
Case Number: CV2016-010499

| Party Name | Attorney Name | |
|---|---|---|
| David Khalaj | Stephen M Dichter | Bar ID: 004043 |
| Juliet David Youmaran | Stephen M Dichter | Bar ID: 004043 |

MICHAEL K. JEANES, CLERK

RECEIVED COPY
NIGHT DEPOSITORY

17 V. 27 AM 9: 2

FILED
BY A. MCLOONE, DEP

1
Stephen M. Dichter, 004043
sdichter@cdslawfirm.com

2
Cara L. Christian, 032144
cchristian@cdslawfirm.com

3
CHRISTIAN DICHTER & SLUGA, P.C.

4
2700 North Central Avenue, Suite 1200
Phoenix, Arizona 85004

5
Telephone: (602) 792-1700            **ORIGINAL**

6
Facsimile: (602) 792-1710
AZ TurboCourt M.E. e-service distribution: courtdocs@cdslawfirm.com

7

8
Attorneys for Plaintiffs

9
## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF MARICOPA

10

11
DAVID KHALAJ and JULIET DAVID
YOUMARAN, a married couple,

12
                    Plaintiffs,

13
        vs.

14
CITY OF PHOENIX, Arizona, a municipal
corporation; JANE DOES I-X and JOHN

15
DOES I-X, inclusive,

16
                    Defendants.

17

Case No. CV2016-010499

**SUMMONS**

18
**THE STATE OF ARIZONA TO THE DEFENDANTS:**

19
        CITY OF PHOENIX

20
        City Clerk Department
        200 W. Washington Street, 15th Floor

21
        Phoenix, Arizona 85003

22
        **YOU ARE HEREBY SUMMONED** and required to appear and defend, within the

23
time applicable in this action in this Court. If served within Arizona, you shall appear and

24

25
defend within twenty days after the service of the Summons and Complaint upon you,

26
exclusive of the day of service. If served out of the State of Arizona -- whether by direct

27
service, by registered or certified mail, or by publication -- you shall appear and defend

28

within thirty days after the service of the Summons and Complaint upon you is complete, exclusive of the day of service. Where process is served upon the Arizona Director of Insurance as an insurer's attorney to receive service of legal process against it in this state, the insurer shall not be required to appear, answer or plead until expiration of forty days after date of such service upon the Director. Service by registered or certified mail within the State of Arizona is complete thirty days after the date of filing the receipt and affidavit of service with the Court. Service by publication is complete thirty days after the date of first publication. Direct service is complete when made. Service upon the Arizona Motor Vehicle Superintendent is complete thirty days after filing the Affidavit of Compliance and return receipt or Officer's Return. *Arizona Rules of Civil Procedure 4; A.R.S. §§ 20-222, 28-502, 28-503.*

**YOU ARE HEREBY NOTIFIED** that in case of your failure to appear and defend within the time applicable, judgment by default may be rendered against you for the relief demanded in the Complaint. Requests for reasonable accommodation for persons with disabilities must be made to the division assigned to the case by parties at least three (3) judicial days in advance of a scheduled court proceeding.

**YOU ARE CAUTIONED** that in order to appear and defend, you must file an Answer or proper response in writing with the Clerk of this Court, accompanied by the necessary filing fee, within the time required, and you are required to serve a copy of any Answer or response upon the plaintiffs' attorney. *Arizona Rules of Civil Procedure 5 and 10(D); A.R.S. § 12-311.*

The name and address of Plaintiffs' attorney are:

> Stephen M. Dichter
> Cara L. Christina
> Christian, Dichter & Sluga, P.C.
> 2700 North Central Avenue, Suite 1200
> Phoenix, Arizona 85004
> Telephone: (602) 792-1700
> Facsimile: (602) 792-1710

MAR 2 3 2017

**SIGNED AND SEALED** this date:_____

**MICHAEL K. JEANES, CLERK**

**CLERK OF THE SUPERIOR COURT**

By:_____
Deputy Clerk

A. Fimbres
Deputy Clerk

3

MICHAEL K. JEANES, CLERK

RECEIVED
NIGHT DEPOSITORY

17 MAR 27 AM 9: 23

Rickie McTheny (MARICOPA COUNTY #8315)
JBN LEGAL SUPPORT SERVICE, L.L.C.
8910 N. CENTRAL AVE
Phoenix, AZ 85020
623-229-9291

## MARICOPA COUNTY SUPERIOR COURT

**FILED**
**BY A. MCLOONE, DEP**

| | |
|---|---|
| DAVID KHALAJ and JULIET DAVID YOUMARAN, a married couple | Case No: CV2016-010499 |
| Plaintiffs | |
| vs | CERTIFICATE OF SERVICE |
| CITY OF PHOENIX, ARIZONA, a municipal corporation | BY A PRIVATE PERSON |
| | Arizona Rules of Court 80(1) |
| Defendants | |

Type of Document(s)   SUMMONS;  COMPLAINT; PLAINTIFF'S CERTIFICATE OF CUMPOLSORY ARBITRATION

I personally served true copies of the above listed documents on the person listed below.

ENTITY SERVED:     CITY OF PHOENIX
HOW SERVED:        PERSONALLY ON RICHARD ST GEORGE accepting service as SPECIAL DEPUTY CITY CLERK
AT:                200 W. WASHINGTON, 15TH FLOOR, PHOENIX, AZ
ON:                MARCH 23, 2017
TIME:              11:16 AM

The undersigned certifies under penalty of perjury that I am fully qualified under 4(d), 4(c), and 45(d) to serve process in this action within the state of Arizona; having been so appointed and registered by the Superior Court of Maricopa County, Arizona, and that the above is true and accurate.

DECLARANT:
                   Rickie McTheny
                   d.b.a. JBN Legal Support Service, L.L.C.
                   MARCH 23, 2017
CHARGES:
DOC FEE:          $ 20.00
MILEAGE:          $ 20.00
PICK-UP:          $ 10.00
CERT. FEE         $  5.00
TOTAL:            $ 55.00

DCS

Michael K Jeanes, Clerk of Court
*** Electronically Filed ***
E. Hailes, Deputy
4/19/2017 1:28:00 PM
Filing ID 8266006

Lori V. Berke (#015628)
Jody C. Corbett (#019718)
**BERKE LAW FIRM, PLLC**
1601 N. 7th Street, Suite 360
Phoenix, AZ 85006
Phone: (602) 254-8800
Fax:    (602) 254-8808
lori@berkelawfirm.com
jody@berkelawfirm.com

Attorneys for Defendant City of Phoenix

**IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

**IN AND FOR THE COUNTY OF MARICOPA**

| | |
|---|---|
| DAVID KHALAJ and JULIET DAVID YOUMARAN, a married couple,<br><br>                              Plaintiffs,<br>      vs.<br><br>CITY OF PHOENIX, Arizona, a municipal corporation,<br><br>                              Defendants. | NO.  CV2016-010499<br><br>**NOTICE OF APPEARANCE**<br><br>(Assigned to the Hon. Kerstin LeMaire) |

        Pursuant to Ariz. R. Civ. P. 5.3, Lori V. Berke and Jody C. Corbett of Berke Law

Firm, PLLC, provide notice of their appearance as counsel of record for Defendant City of

Phoenix.  Undersigned counsel's physical and e-mail addresses are as follows:

Berke Law Firm PLLC
1601 N. 7th Street, Suite 360
Phoenix, AZ  85006
lori@berkelawfirm.com
jody@berkelawfirm.com

1

1

DATED this 19th day of April, 2017.

2

3                                                                      **BERKE LAW FIRM, PLLC**

4

5                                                          By   /s/ Jody C. Corbett

6                                                                Lori V. Berke
                                                                 Jody C. Corbett
7                                                                Attorneys for Defendant City of Phoenix

8    The foregoing document was e-filed with
     the Clerk of Court this 19th day of April,
9    2017, and a copy mailed this same date to:

10
     Stephen M. Dichter
11   Cara L. Christian
     CHRISTIAN DICHTER & SLUGA, P.C.
12   2700 N. Central Avenue, Suite 1200
     Phoenix, Arizona  85004
13   Attorneys for Plaintiffs

14
      /s/ Jody C. Corbett
15

16

17

18

19

20

21

22

23

24

25

26

27

28