GAONA LAW FIRM
A PROFESSIONAL CORPORATION
3101 NORTH CENTRAL AVE, SUITE 720
PHOENIX, ARIZONA 85012

(602) 230-2636  Fax (602) 230-1377
david@gaonalaw.com; docket@gaonalaw.com

David F. Gaona, State Bar No. 007391
Attorneys for Plaintiffs

# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| David Khalaj and Juliet David Youmaran,<br><br>Plaintiffs,<br><br>vs.<br><br>City of Phoenix, Arizona, a municipal corporation; Lillian Fine and John Doe Fine, husband and wife; Scott Melander and Jane Doe Melander, husband and wife; Sgt. Green and Jane Doe Green, husband and wife; Todd Blanc and Jane Roe Blanc, husband and wife,<br><br>Defendants | No.  CV-17-01199-PHX-GMS (JZB)<br><br>**SECOND AMENDED COMPLAINT** |

Plaintiffs, David Khalaj and Juliet David Youmaran, submit their Second Amended Complaint against Defendants as follows:

## I.     INTRODUCTION

1.  This is an action for money damages brought for personal injuries pursuant to state tort causes of action for false arrest and false imprisonment, and a violation of Plaintiffs' civil rights pursuant to 42 U.S.C. § 1983.

2. The state causes of action are brought against the City of Phoenix, Arizona, a municipal corporation Plaintiffs timely filed a Notice of Claim pursuant to A.R.S. § 12-821.01 on June 29, 2016—to which there was no response.  The federal claims are brought against the City of Phoenix and various City of Phoenix Police Officers, Fine, Melander, Green, and Blanc.

3. The claims herein arise out of the events occurring within the City of Phoenix on January 1, 2016 at Phoenix Sky Harbor International Airport in Phoenix, Arizona.  It is alleged that City of Phoenix Police Department officers, while acting under color of law, unlawfully arrested and unlawfully detained Plaintiffs.  It is further alleged that these torts and civil rights and constitutional violations were committed as a result of policies, practices and customs of the City of Phoenix Police Department—including its officers and agents.

## II.   PARTIES

4. Plaintiff David Khalaj ("David"), is a resident of Maricopa County, Arizona, and was so at all times relevant to this Amended Complaint.

5. Plaintiff Juliet David Youmaran ("Juliet) is a resident of Maricopa County, Arizona, and was so at all times relevant to this Amended Complaint.

6. Plaintiffs David and Juliet are, and were, married at all times relevant to this Amended Complaint.

7. Defendant, City of Phoenix, is a municipal corporation organized under the laws of the State of Arizona, the role of which is to provide municipal services to the public within its jurisdiction and enforce federal, state and local laws in the execution of its duties and services to the public.  The City of Phoenix Police Department operates under and administers a set of

law enforcement policies, practices and customs involving the hiring, training and supervision of its police officers. These policies, practices and customs include (or should include) training relative to the use of force, encounters with the public, rights of persons with whom the police come in contact, and charging decisions by way of example. As such, the City of Phoenix is subject to this civil lawsuit and may be held liable both directly and vicariously in the wrongful conduct of its Police Officers.

8. The individual City of Phoenix Police Department Officers involved include as follows:

(a) Defendant Lillian Fine, for all relevant times, was, upon information and belief, married to John Doe Fine. Both are residents of Maricopa County, Arizona and Defendant Fine was at all relevant times a City of Phoenix Police Officer acting within the course and scope of her employment with Defendant City of Phoenix. Defendant Fine is being sued in both her individual and official capacities. Once Plaintiffs determine John Doe Fine's true name, they will seek leave of this Court to amend their Amended Complaint and set forth his true name.

(b) Defendant Scott Melander is, upon information and belief, married to Jane Doe Melander and for all material times, both have been residents of Maricopa County, Arizona. For all relevant times, Defendant Melander was a City of Phoenix Police Officer acting within the course and scope of his employment with Defendant City of Phoenix. Defendant Melander is being sued in both his individual and official capacities. Once Plaintiffs determine Jane Doe Melander's true name, they will seek leave of this Court to amend their Amended Complaint and set forth her true name.

(c) Defendant Sgt. Green (first name unknown) is, upon information and belief, married to Jane Loe Green and for all material times, both have been residents of Maricopa County, Arizona. For all relevant times, Defendant Green was a City of Phoenix Police Officer acting within the course and scope of his employment with Defendant City of Phoenix. Defendant Green is being sued in both his individual and official capacities. Once Plaintiffs determine Jane Loe Green's true name, they will seek leave of this Court to amend their Amended Complaint and set forth her true name.

(d) Defendant Todd Blanc is, upon information and belief, married to Jane Roe Blanc and for all material times, both have been residents of Maricopa County, Arizona. For all relevant times, Defendant Blanc was a City of Phoenix Police Officer acting within the course and scope of his employment with Defendant City of Phoenix. Defendant Blanc is being sued in both his individual and official capacities. Once Plaintiffs determine Jane Roe Blanc's true name, they will seek leave of this Court to amend their Amended Complaint and set forth her true name.

Collectively, all named City Police Officers will be referred to as "Defendant Police Officers".

9. All of the City of Phoenix employees and agents discussed herein were jointly responsible for the actions, events and circumstances underlying this Amended Complaint, proximately caused the damages stated herein, and that they were acting for and on behalf of their respective marital communities at all relevant times.

10. At all times mentioned herein, Defendant Police Officers were acting under color of law, that is, under the color of the United States Constitution, the Constitution of the State of

Arizona, and the statutes, laws, charter, ordinances, rules, regulations, policies, customs and usages of the State of Arizona, the City of Phoenix and Phoenix Police Department.

### III.   JURISDICTION, AND VENUE

11. The amount in controversy exceeds the jurisdictional threshold of this Court.

12. A timely Notice of Claim pursuant to A.R.S. § 12-821.01 was served upon Defendant City of Phoenix on June 29, 2016.  More than sixty (60) days have passed since this Notice of Claim was served upon Defendant City of Phoenix.

13. On or about January 1, 2016, Defendants caused the event or events upon which this action is based to occur in Maricopa County.  As such, venue is proper.

### IV.   FACTS GIVING RISE TO CLAIMS

**A.   Events Leading up to Plaintiffs' Arrest**

14. On January 1, 2016, around 4:00 p.m., David and Juliet (along with their 10-year-old son and 17-year-old daughter) were returning home from Puerta Vallarta, Mexico through Phoenix Sky Harbor International Airport ("Sky Harbor").  After clearing customs, David, Juliet and their children were free to leave the airport.

15. David wished to leave the secured customs are to get something to eat to ease the effects of his Type 2 diabetes.  He was scolded, shouted at, and against his will and without his consent, he was herded back and detained in to the secured area by Customs and Border Protection ("CBP") employees—including Matthew Gardner, Juan Osoria, Jose Colunga and Arpad Domokos.

16. When he complained about how he had been treated, one of the aforementioned employees started striking him behind his arm in order to move him to another location.

Then, the cohort of four CBP employees set upon and beat David severely, causing him physical injury.

17. Seeing her husband brutalized by the CBP employees, Juliet tried to come to his rescue and was, herself, assaulted and detained against her will and without her consent. As a result, Juliet suffered severe physical and emotional injuries.

18. Representatives from the City of Phoenix Police Department were summoned to Sky Harbor in conjunction with the above-described altercations. Phoenix Police, through the individual police officers named herein, took over the unlawful detention in conjunction with Immigration and Customs Enforcement ("ICE"), detaining David and Juliet against their will and without their consent.

19. Defendant Police Officers, relative to their dealings with Plaintiffs, engaged in unreasonable/excessive force and threats against the Plaintiffs including, but not limited to (a) pushing and pulling the Plaintiffs as they moved from a detained area to, for instance, use of restroom facilities; (b) pushing and pulling on handcuffs causing cutting and chafing of wrists; (c) threatening the Plaintiffs and placing them in fear of additional unreasonable and excessive physical force, all of which constitutes violations of their person and violations of their constitutional rights. In fact, concerning Defendant Police Officers, they assisted in the detention of the Plaintiffs, at Phoenix Sky Harbor, for hours, engaging in these same activities, over and over again.

20. Phoenix Police took David and Juliet to the hospital to have their injuries addressed by medical professionals. During that time frame, ICE officers contacted the United States

Attorney's Office to see whether federal charges would be pursued. The United States Attorney's Office declined prosecution.

21. Left with no apparent recourse, the disappointed CBP and ICE employees relinquished the case to the Phoenix Police Department. Without probable cause, without any basis or reasonable belief to conclude that the Customs Agents were peace officers for which felony charges could be supported, Phoenix Police continued the unlawful detention of David and Juliet, and, without their consent, and, without lawful authority, arrested them for alleged felonious acts dependent on the Customs Agents being peace officers, which they were not.

**B.     Plaintiffs' Arrest**

22. On January 1, 2106 at approximately 4:45 p.m., David and Juliet were unlawfully arrested and taken into custody, without their consent, by Defendant Phoenix Police Officers Lillian Fine, Todd S. Blanc, Scott Melander, and Sgt. Green all as set forth in City of Phoenix Police Department incident number 201600000004723.

23. The charge upon which the arrests were founded was A.R.S. § 13-1204(A)(8)(A): Aggravated Assault Against Peace Officers, a class five felony.

24. The alleged victims of the aggravated assaults were previously identified CBP staff members (and federal employees) Matthew Gardner, Juan Osoria, Jose Colunga and Arpad Domokos. Gardner, Osorio, Colunga and Domokos were not then, nor ever have been, peace officers.

25. As Defendant Phoenix Police officers knew, or are presumed to have known, the term "peace officer" is a defined term under Arizona law. A.R.S. § 13-105 (29) defines "peace

officer" to mean "any person vested by law with a duty to maintain public order and make arrests and includes a constable."

26. The Arizona statute that provides a mechanism for cross-certifying federal peace officers as Arizona peace officers is A.R.S. § 13-3875.  This states, in pertinent part:

> B. A federal peace officer who is employed by an agency of the United States and who has completed the basic training curriculum for the officer's agency shall possess and exercise all law enforcement powers of peace officers in this state for one year, including, if directed by the officer's employer, the capability to enforce the criminal laws of this state if the federal peace officer:
> 1. Submits to the sheriff a written request for certification as a peace officer in this state.
> 2. Submits evidence that the officer has been certified as a federal peace officer, is authorized by federal law to engage in or supervise the prevention, detection, investigation or prosecution of a violation of federal law and is authorized by federal law to make arrests, serve warrants and carry firearms.

27. To properly ascertain whether any of the CBP employees at issue were peace officers before charging David and Juliet with aggravated assault upon a peace officer (again, a class 5 felony), the Phoenix Police needed to do nothing more than telephone the AZPOST and ask whether the names of any of the alleged victims were on file.  The Phoenix Police Department's failure to do this was—at a minimum—grossly negligent, and was more likely the product of deliberate ignorance or willful and wanton conduct, and rendered their actions in arresting and detaining Plaintiffs unlawful.

28. By means of illustration, when David's and Juliet's counsel checked with AZPOST to independently determine whether any of the alleged victims were certified as peace officers in the State of Arizona, or had obtained the status by means of a waiver, they learned (over the

course of a five-minute phone call) that none of the Federal CBP employees alleged assaulted was a "peace officer."

29. Defendant Police Officers knew, or should have known, at the time of David's and Juliet's arrest, that the victims of the alleged assault were not "peace officers." They knew, or should have known, that the alleged "injuries" suffered by the alleged victims were insufficient to constitute an ordinary form of aggravated assault. They knew, or should have known, they possessed no probable cause for the unlawful felony arrest and detainment.

30. Defendants misclassification of this offense under A.R.S. § 13-1204(A)(8)(A) was (at a minimum) grossly negligent, and, at the maximum, the product of deliberate ignorance or willful and wanton conduct, reflective of a lack of probable cause and insufficient and inadequate training and supervision.

### C. Events Following Plaintiffs' Arrest

31. Plaintiffs David and Juliet are both United States citizens.

32. After the unlawful arrest detailed above, while Plaintiffs were still at Sky Harbor, the jailers were, upon information and belief, informed that David had been born in Tehran, Iran and that Juliet had been born in Baghdad, Iraq.

33. During their unlawful confinement by Phoenix Police, Plaintiffs were called a variety of unimaginable racial epithets that should not be repeated here—except to not that "sand n**ger" was the mildest of these. The constant verbal assaults placed Plaintiffs in fear of what Defendant Police Officers would do next, constituting further instances of unreasonable and excessive force in violation of Plaintiffs' constitutional rights. Plaintiffs, without their consent, were eventually taken to booking and jail by Phoenix Police and held there.

34. Being subjected to emotionally charged racial epithets by Phoenix Police while in custody is the *sine qua non* of outrageous conduct sufficient to serve as a predicate for intentional infliction of emotional distress.

35. As a result of the unlawful arrest and unlawful imprisonment, David and Juliet suffered from severe psychological and emotional damages.

36. David's recurring thoughts about the unlawful arrest have caused him to experience anxiety and emotional distress, which will likely continue as a result of his being stripped of his liberties by no fault of his own and without lawful authority.

37. Juliet has been suffering from insomnia, severe anxiety, acute stress disorder, depression, nightmares and repeatedly revisits the false arrest in such a way that she is no longer able to function in her everyday life the way she did prior to the incident.

38. At all times relevant to this action, Defendant Police Officers were acting under the color of law and within the course and scope of their employment as duly appointed law enforcement officers.

39. At all times relevant to this action, Defendant City of Phoenix had in effect and was responsible for the policies and procedures followed by Defendant Police Officers, and was further responsible for the hiring, supervision, training, monitoring and disciplining of the involved Defendant Officers. Lax policies and practices, including deficient training necessary to avoid violating the constitutional rights of citizens, must not be tolerated. Lax policies, practices, customs and procedures, including insufficient and inadequate training consistent with and necessary to understanding appropriate actions that respect and uphold, as opposed to violating, constitutional rights of citizens or persons with whom officers come into

contact daily, must neither be tolerated, permitted and to the extent such policies and practices persist, those failures amount to deliberate indifference on the part of the City of Phoenix relative to the rights of citizens and persons.

## V.     COUNT ONE

### THE CITY OF PHOENIX POLICE DEPARTMENT DELIBERATELY COMMITTED FALSE ARREST/IMPRISONMENT

40. Plaintiffs re-allege and incorporate herein by reference, the allegations set forth in paragraphs 1-39 of this Amended Complaint.

41. The City of Phoenix, via the Phoenix Police Department and its employees and agents, acted intentionally to restrain the Plaintiffs, without their consent and against their will, to an area within the Defendant's control.

42. Defendant City acted without lawful authority and without Plaintiffs' consent.

43. Defendant City's actions resulted in the direct restraining of Plaintiffs' liberty or freedom of movement, either by actual force or from the Plaintiffs' fear of force.

44. Defendant City's acts would have caused a reasonably prudent person in the same situation as the Plaintiffs to believe that he or she was restrained.

45. Plaintiffs were aware of and harmed by the restraint.

46. Defendant City's acts constitute false arrest/imprisonment without lawful authority as recognized under Arizona law. *See Deadman v. Valley National Bank of Arizona,* 154 Ariz. 452, 457 (Ct. App. 1987); *Reams v. City of Tucson,* 145 Ariz. 340 (Ct. App. 1985).

47. Plaintiffs were harmed and sustained damage as a result of the false imprisonment/false arrest by Defendant City, in an amount that will be proven at trial.

## VI.   COUNT TWO

## VIOLATION OF CIVIL RIGHTS PURSUANT TO TITLE 42 U.S.C. § 1983

48. Plaintiffs re-allege and incorporate herein by reference the allegations set forth in paragraphs 1-47 of this Amended Complaint.

49. In committing the acts complained of herein, Defendant Police Officers acted under color of state law to deprive Plaintiffs of certain constitutionally protected rights under the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States including the right to be free from false arrest/imprisonment, unreasonable force and threats.

50. In violating Plaintiffs' rights as set forth above and other rights that will be proven at trial, each of Defendant Police Officer's conduct was willful, malicious and oppressive.  As a direct and proximate result of the violation of their constitutional rights by the Defendant Police Officers, Plaintiffs suffered general and special damages as alleged in this Amended Complaint and are entitled to relief under 42 U.S.C. § 1983.

### MUNICIPAL LIABILITY AGAINST DEFENDANT CITY OF PHOENIX

51. Defendant City of Phoenix acted with indifference to the rights of the citizens of Phoenix, including Plaintiffs, protected by the Fourteenth and Fourth Amendments. Defendant City of Phoenix actions, relative to instituting and permitting to persist, customs, policies and practices, including deficient training that fails to promote avoidance of violating the Constitutional rights of citizens and persons with whom they come into contact, constitute deliberate indifference to the rights of all citizens, including Plaintiffs herein, as engaging in such failures, or permitting lax policies, practices and customs to persist, rendering it likely

that City of Phoenix police officers will improperly, arrest citizens, all as reflected in the improper and unconstitutional arrest of the Plaintiffs herein

52. Defendant Police Officers unreasonable acts were allowed/followed pursuant to policies, practices or customs put in place by the policy makers of the Defendant City of Phoenix.

53. Defendant City of Phoenix failed to maintain adequate policies, practices or customs to adequately train officers in arresting and charging law abiding citizens, including a failure to put in place a plan to make decisions concerning arrest and charges confirming peace officer status when involving/dealing with other agencies.  Upon information and belief, the City of Phoenix knew or should have known of such inadequacies and by failing to address such inadequacies, caused damage to Plaintiffs, including deprivation of their constitutional rights in the circumstances.

54. Defendant City of Phoenix had a policy, practice or custom of failing to adequately train officers to recognize the boundaries of the constitutional authority, knew or should have known of the inadequacy of such policies and such failure constitutes deliberate indifference.

55. The City's actions against Plaintiffs occurred at Sky Harbor International Airport.  The City of Phoenix Police Department has an office at Sky Harbor and specific unit staffed by personnel to deal with incidences occurring within Sky Harbor International proper.

56. As such, the City of Phoenix Police Department's policies, practices and customs relative to officers who work, day to day, within Sky Harbor, should, reasonably, should be consistent with and pursuant to adequate policies, practices, customs and procedures in

dealing with circumstances to which they are or may be involved at Sky Harbor, inclusive of appropriate training.

57. City of Phoenix Police Department policies, practices, procedures and customs should be in place, together with appropriate training, to permit appropriate decision making concerning arrests and charging decisions relating to incidences involving the customs and border protection areas of Sky Harbor airport to the extent City officers are contacted to provide assistance within those areas, including immigration and custom enforcement personnel working within those areas and appropriate lines of demarcation, authority and responsibility relative to Sky Harbor International.

58. The lack of appropriate policies, practices, procedures and customs, and training consistent therewith creates and fosters the likelihood that City officers will deal with, arrest and charge improperly citizens and persons, thus violating their constitutional rights, similar to Plaintiffs. As a direct and proximate result of Defendant City of Phoenix's actions, Plaintiffs suffered physical injury, mental anguish, pain and suffering, emotional distress and other damages, all in amounts to be proven at trial.

## VII.   COUNT III

### DEPRIVATION OF CIVIL RIGHTS-42 U.S.C. § 1983

59. Plaintiffs re-allege and incorporate herein by reference the allegations set forth in paragraphs 1-58 of this Amended Complaint.

60. Defendant Police Officers, with deliberate indifference to and reckless disregard to the safety and well being of the Plaintiffs, and in violation of the Fourth, Fifth and Fourteenth

Amendment to the Constitution, committed or allowed to be committed an unreasonable denial of the Plaintiffs' freedoms.

61. As a direct and proximate result of the unreasonable actions of Defendant Police Officers' negligence, Plaintiffs suffered injuries in amounts to be proven at trial.

### VIII.  CIVIL RIGHTS-42 U.S.C. § 1983/NEGLIGENT TRAINING AND SUPERVISION AMOUNTING TO DELIBERATE INDIFFERENCE

62. Plaintiffs re-allege and incorporate herein by reference the allegations set forth in paragraphs 1-61 of this Amended Complaint.

63. At all times relevant herein, Defendant Police Officers were acting under the direction and control and, pursuant to the rules, regulations, policies and procedures of Defendant City of Phoenix.

64. Upon information and belief, Defendant City of Phoenix acted negligently, carelessly, recklessly and with deliberate indifference in failing to properly train, supervise, control, direct and monitor the members of its police force involving interacting with the public, and in particular, Defendant Police Officers in their duties and responsibilities, including knowledge of insufficient training and supervision without correction, leading to violation of constitutional rights of citizens.

65. As a direct and proximate result of the acts or omissions of Defendant City of Phoenix, Plaintiffs were wrongfully, unlawfully, unnecessarily harmed and violated by Defendant City of Phoenix in this action.

## IX. JURY TRIAL

66. Plaintiffs' demands a trial by jury on all issues allowed to be tried to a jury under Arizona and Federal law.

## X. PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment against Defendants City of Phoenix, Officer Fine, Officer Melander, Sgt. Green and Officer Blanc as follows:

A. General and special damages, including but not limited to medical costs for both physical and emotional injuries, pain, suffering and anxiety, and loss of business and reputation in amounts to be proven at trial;

B. Costs of attorneys' fees against Defendant as to the causes of action alleged under the Constitution and laws of the United States, pursuant to 42 U.S.C. § 1988;

C. All remedies provided by 42 U.SC. § 1983;

D. For taxable costs and pre- and post-judgment interest to the extent permitted by law; and

E. Such other relief as the Court deems proper and just.

DATED this 24th day of October, 2018.

                GAONA LAW FIRM

                    /s/ David F. Gaona
                David F. Gaona
                3101 North Central Avenue, Suite 720
                Phoenix, Arizona 85012
                Attorneys for Plaintiffs
                  David Khalaj and Juliet David Youmaran

# CERTIFICATE OF SERVICE

I hereby certify that on October 24, 2018, I electronically transmitted the attached Second Amended Complaint to Clerk's Office using the CM/ECF System for filing

I further certify that on October 24, 2018, the attached document was mailed to:

>Honorable G. Murray Snow
>United States District Court
>Sandra Day O'Connor U.S. Courthouse, Suite 622
>401 West Washington Street, SPC 80
>Phoenix, Arizona 85003
>murray_snow@azd.uscourts.gov

>Honorable John Z. Boyle
>United States District Court
>Sandra Day O'Connor U.S. Courthouse, Suite 322
>401 West Washington Street, SPC 75
>Phoenix, Arizona 85003-2160
>John_boyle@azd.uscourts.gov

A copy was electronically sent to:

>Lori V. Berke
>Jody C. Corbett
>Berke Law Firm, PLLC.
>1601 North 7th Street, Suite 360
>Phoenix, Arizona 85006
>lori@berkelawfirm.com
>jody@berkelawfirm.com
>Attorneys for Defendant City of Phoenix

/s/ Barbara J. Kuhns