**FILED**

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

OCT 27 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DAVID KHALAJ; JULIET DAVID YOUMARAN, a married couple, <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> CITY OF PHOENIX, a municipal corporation; et al., <br><br> Defendants-Appellees, | No.  22-16820 <br><br> D.C. No. 2:17-cv-01199-GMS-JZB <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the District of Arizona
G. Murray Snow, Chief District Judge, Presiding

Argued and Submitted October 20, 2023
Phoenix, Arizona

Before: IKUTA, BADE, and BRESS, Circuit Judges.

Plaintiffs David Khalaj and Juliet Youmaran appeal the district court's order granting summary judgment in favor of the City of Phoenix and several Phoenix police officers in plaintiffs' civil rights lawsuit arising from their 2016 arrest at the Phoenix Sky Harbor Airport. We have jurisdiction under 28 U.S.C. § 1291. We

---

  *  This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

review the district court's grant of summary judgment de novo. *Silverado Hospice, Inc. v. Becerra*, 42 F.4th 1112, 1118 (9th Cir. 2022). We affirm.

The officers had probable cause to arrest the plaintiffs, which defeats plaintiffs' federal and state law false arrest claims. *See Cabrera v. City of Huntington Park*, 159 F.3d 374, 380 (9th Cir. 1998) (per curiam); *Hockett v. City of Tucson*, 678 P.2d 502, 505 (Ariz. Ct. App. 1983). Under both Arizona and federal law, a police officer has probable cause "when reasonably trustworthy information and circumstance would lead a person of reasonable caution to believe that a suspect has committed an offense." *State v. Hoskins*, 14 P.3d 997, 1007–08 (Ariz. 2000); *accord Dubner v. City and County of San Francisco*, 266 F.3d 959, 966 (9th Cir. 2001) ("Probable cause exists when, under the totality of the circumstances known to the arresting officers . . . a prudent person would believe the suspect had committed a crime."). Probable cause "is not a high bar," *Kaley v. United States*, 571 U.S. 320, 338 (2014), and "requires only a probability or substantial chance of criminal activity, not an actual showing of such activity." *District of Columbia v. Wesby*, 583 U.S. 48, 57 (2018) (quoting *Illinois v. Gates*, 462 U.S. 213, 243–244, n.13 (1983)). In addition, an officer's "reason for making the arrest need not be the criminal offense as to which the known facts provide probable cause." *Devenpeck v. Alford*, 543 U.S. 146, 153 (2004).

In this case, the officers had probable cause to arrest the plaintiffs for

disorderly conduct.  Under Arizona law, "[a] person commits disorderly conduct if, with intent to disturb the peace or quiet of a neighborhood, family or person, or with knowledge of doing so, such person: 1. Engages in fighting, violent or seriously disruptive behavior; or 2. Makes unreasonable noise . . . ."  Ariz. Rev. Stat. § 13-2904(A)(1)–(2).  Video recordings of the incident that the officers reviewed before making the arrests clearly show the plaintiffs screaming at and physically resisting Customs and Border Protection (CBP) officers, which disturbed other passengers nearby.  The defendant officers therefore had probable cause to believe that plaintiffs had engaged in seriously disruptive behavior or made unreasonable noise, and that this disturbed other persons in the area.

Officers also had probable cause to believe that plaintiffs acted with the required mens rea.  "[W]hen a defendant is charged with disorderly conduct for disturbing the peace of a particular person, the state is required to prove that the defendant knowingly disturbed the victim's peace . . . ."  *State v. Burdick*, 125 P.3d 1039, 1041 (Ariz. Ct. App. 2005).  The evidence allowed a reasonable officer to conclude that this standard was met given the heated nature of the altercation between plaintiffs and the CBP officers in the presence of other passengers.

Plaintiffs argue that they acted in self-defense and that their actions were protected under the First Amendment.  But "[i]t is not the rule that police must investigate a defendant's legal defenses prior to making an arrest."  *O'Doan v.*

4

*Sanford*, 991 F.3d 1027, 1040 (9th Cir. 2021) (quoting *Everson v. Leis*, 556 F.3d 484, 500 (6th Cir. 2009)) (alteration in original); *see also Yousefian v. City of Glendale*, 779 F.3d 1010, 1014 (9th Cir. 2015) ("The mere existence of some evidence that could suggest self-defense does not negate probable cause."). Because we conclude that officers had probable cause to arrest the plaintiffs, the district court properly granted summary judgment on the plaintiffs' other claims as well.

**AFFIRMED.**